IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**HESSAM GHANE,**

                **Plaintiff,**

      **v.**                                           CASE NO. 08-3001-SAC

**EVERCOM INC., et al.,**

                **Defendants.**


## O R D E R

      Plaintiff proceeds pro se on a civil complaint submitted while plaintiff was in the custody of the United States Marshal Service, and confined in a private detention center operated by the Corrections Corporation of America (CCA) in Leavenworth, Kansas. Plaintiff seeks relief on allegations of antitrust violations regarding the rates charged for telephone service at the CCA facility. The defendants named in this action are: Evercom Inc., a Texas corporation identified by plaintiff as providing that phone service; three Evercom officials; and Correctional Billing Services, identified by plaintiff as a "sister company" owned by Evercom.

      Given the circumstances of plaintiff's filing of the initial complaint with another prisoner as a co-plaintiff, the court granted plaintiff provisional leave to proceed in forma pauperis and allowed plaintiff an opportunity to voluntarily dismiss this action without incurring a fee obligation if plaintiff did not want to proceed on

the complaint as the sole plaintiff.[1] Plaintiff did not seek dismissal of the complaint.

*In Forma Pauperis*

Before the court is plaintiff's renewed motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the $350.00 district court filing fee (Doc. 11). Although plaintiff did not include the certified financial records required by 28 U.S.C. § 1915(a)(2), he subsequently submitted supplemental material (Doc. 13) that includes financial records through January 2008, covering the six month period relevant to the court's assessment of the initial partial filing fee required in this matter.[2] *See* 28 U.S.C. § 1915(b)(1)(when a prisoner brings a civil action or appeal in forma pauperis, the court is to assess an initial partial filing fee of 20 percent of the greater of the average monthly deposits to the prisoner's account, or the average monthly balance in the prisoner's account for the six month period preceding the filing of the complaint or appeal). Having reviewed those records, the court assesses an initial partial filing fee of $33.00, twenty percent of plaintiff's average monthly deposit during that relevant six month period.

Plaintiff is granted additional time to pay this assessed fee, or to show cause why he should be allowed to proceed in forma

---

[1] See *Hershberger, et al. v. Evercom, Inc. et al.*, Case No. 07-3152-SAC. After the court severed the action, plaintiff Hershberger voluntarily dismissed his separate complaint.

[2] Plaintiff's pending motion for an extension of time to provide financial records (Doc. 10) is thereby moot.

pauperis without paying the initial partial filing fee due under § 1915(b)(1).[3] *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action). The failure to do so in a timely manner may result in the court setting aside its provisional grant of in forma pauperis status, and the dismissal of this action without prejudice.

*Plaintiff's Claims*

In this action, plaintiff contends the rate set for telephone calls at the CCA facility in Leavenworth, Kansas, (CCA-LVN) is excessive, noncompetitive, and discriminatory, and broadly alleges a conspiracy by defendants to unlawfully fix telephone rates in violation of antitrust provisions in the Clayton Antitrust Act as amended by the Robinson-Patman Price Discrimination Act. Having reviewed the complaint, the court finds the complaint is subject to being summarily dismissed for the following reasons. See 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

The court first notes that plaintiff's request for declaratory and injunctive relief to prevent alleged antitrust violations in the telephone service provided at the CCA facility in Kansas was rendered moot by plaintiff's subsequent transfer from that facility.

---

[3]Plaintiff provides no financial records documenting his current ability to pay this assessed fee.

See *Martin v. Sargent*, 780 F.2d 1334 (8th Cir. 1985)(claim for injunctive relief moot if no longer subject to conditions). See also, *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994)(declaratory relief subject to mootness doctrine). And to the extent plaintiff seeks damages for emotional and mental anguish allegedly caused by defendants' actions, such relief is barred because plaintiff alleges no prior physical injury to support this request. See 42 U.S.C. § 1997e(e)("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury").

To the extent plaintiff seeks compensatory and punitive damages for alleged antitrust violations, the court finds plaintiff's allegations are insufficient to state a cognizable claim upon which such relief can be granted.

Plaintiff has no constitutional right to telephone service in prison or to any particular rate for such service. See *Arney v. Simmons*, 26 F.Supp.2d 1288, 1293 (D.Kan. 1998). Prison administrators are to be afforded substantial deference regarding matters of internal security and management of a correctional facility, *Rhodes v. Chapman*, 452 U.S. 337, 349 n.14 (1981); *Bell v. Wolfish*, 441 U.S. 520, 547 (1979), which would clearly encompass contracting for prisoner telephone service. Plaintiff's bare claim of a conspiracy between all defendants is conclusory at most, see *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and the complaint is devoid of any factual basis for plausibly establishing

4

that plaintiff's allegations of usury rates and inadequate regulation of those rates present a colorable antitrust or price discrimination claim not barred by the filed rate doctrine.[4] See *Daleure v. Commonwealth of Kentucky*, 119 F.Supp.2d 683, 689 (W.D.Ky.2000)(filed rate doctrine barred damages for alleged antitrust or equal protection violations by jail administrators and contract telephone providers). See also *H.R.M., Inc. v. Tele-Communications, Inc.*, 653 F.Supp. 645 (D.Colo.1987)(Robinson-Patman Act's prohibition on price discrimination applies to sales of "commodities," and does not include services).

The court thus directs plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief, 28 U.S.C. § 1915(e)(2)(B)(ii).[5] The failure to file a timely response may result in this action being dismissed for the reasons stated above, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff is granted thirty (30) days to pay an initial partial filing fee of $33.00, or to show cause why plaintiff should be granted leave to proceed in forma

---

[4] See *American Tel. and Tel. Co. v. Central Office Telephone, Inc.*, 524 U.S. 214, 223 (1998)("filed rate doctrine" applies to telephone services, and bars challenges to legal rates).

[5] Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

pauperis without payment of that assessed fee.

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days to show cause why the complaint should not be summarily dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 12th day of January 2011 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge